Peter L. Carr, IV (SBN 256104)
pcarr@thePLClawgroup.com
Na'Shaun L. Neal (SBN 284280)
nneal@thePLClawgroup.com
Lauren K. McRae (SBN 331296)
lmcrae@thePLClawgroup.com
**PLC LAW GROUP, APC**
3756 Santa Rosalia Dr., Suite 326
Los Angeles, CA 90008
Telephone: (310) 400-5890
Facsimile: (310) 400-5895

Attorneys for Plaintiff Dominik Garza

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DOMINIK GARZA,<br>    Plaintiff,<br><br>vs.<br><br>COUNTY OF LOS ANGELES; and DOES 1 through 10 inclusive,<br>    Defendants. | Case No.<br>**COMPLAINT FOR DAMAGES**<br><br>1. Unreasonable Seizure (42 U.S.C. § 1983)<br>2. Cruel and Unusual Punishment (42 U.S.C. § 1983)<br>3. Custom, Practice or Policy Causing Violation of Civil Rights (42 U.S.C. § 1983)<br>4. Negligence<br>5. False Arrest<br>6. Intentional Infliction of Emotional Distress<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Dominik Garza complains of Defendants County of Los Angeles and DOES 1 through 10 inclusive, as follows:

### JURISIDICTION AND VENUE

1. This Court has original jurisdiction under 28 U.S.C. §§ 1331, 1343 (a)(3)-(4) because Plaintiff asserts claims arising under the laws of the United States that include 42 U.S.C. § 1983 and the Fourth, Eighth and Fourteenth Amendments of the



1
**COMPLAINT FOR DAMAGES**

United States Constitution.

2. This court has supplemental jurisdiction over Plaintiff's claims arising under state law pursuant to 28 U.S.C. § 1367 (a) because those claims are so related to the federal claims that they form part of the same case or controversy under the Article III of the United States Constitution.

3. The venue is proper in the Southern District of California pursuant to 28 U.S.C. §§ 1391(b) and (e). This court is proper because Defendants reside in this district and the unlawful actions challenged occurred in this district.

## CLAIMS STATUTE REQUIREMENT

4. On or about July 29, 2020, Plaintiff filed a timely Governmental Claims for Damages with the County of Los Angles ("County"). On or about August 26, 2020, the County denied Plaintiff's Claims for Damages.

## PARTIES

5. At all relevant times herein, Plaintiff DOMINIK GARZA ("Plaintiff" or "Mr. Garza") was an individual residing in the City of Los Angeles, County Los Angeles, California.

6. At all relevant times herein, Defendant COUNTY OF LOS ANGELES ("COLA") was a public entity duly organized and existing under the laws of the State of California; and at all times herein mentioned, Defendant COLA was responsible for the hiring, retaining, training and supervision of the conduct, policies and practices of its agents, including the LOS ANGELES COUNTY SHERIFF'S DEPARTMENT ("LASD") and MEN'S CENTRAL JAIL ("COUNTY JAIL"), and all of its members, agents and employees.

7. At all relevant times, Defendants DOE DEPUTIES 1-10, individually and as a peace officers, were duly authorized employees and agents of COLA, who were acting under color of law within the course and scope of their respective duties as sheriff deputies/jailers and within the complete authority and ratification of their principal, Defendant COLA.



8. In doing the acts and omitting to act as hereinafter described, Defendants DOE DEPUTIES 1-10, individually and as peace officers/jailers, were acting on the implied and actual permission and consent of the COLA.

9. At all times mentioned herein, each and every COLA defendant was the agent of each and every other COLA defendant and had the legal duty to oversee and supervise the hiring, conduct and employment of each and every COLA defendant.

10. Plaintiff is unaware of the true names and capacities of those Defendants named herein as DOE DEPUTIES 1-10. Plaintiff will amend this Complaint to allege said Defendants' true names and capacities when that information becomes known to Plaintiff. Plaintiff is informed and believes, and thereon alleges that these DOES DEPUTIES 1-10 are legally responsible and liable for the incident, injuries, and damages hereinafter set forth, and that each of said Defendants proximately caused the injuries and damages by reason of negligent, reckless, deliberately indifferent, intentional, willful, or wanton misconduct, or by reason of direct or imputed negligence or vicarious fault. Plaintiff will amend this Complaint to set forth said true names and identities of the unknown named DOE DEPUTIES when they are ascertained.

## FACTS COMMON TO ALL COUNTS

11. Plaintiff repeats, realleges, and incorporates by reference paragraphs 1-10 as though set forth in full herein.

12. On or about December 17, 2019, Mr. Garza was placed on house arrest by the COLA, pursuant to its Electronic Monitoring Program.

13. On or about January 28, 2020, Mr. Garza experienced a mental health breakdown while serving the terms of his house arrest. During this mental breakdown, Mr. Garza experienced suicidal thoughts and behavior. As a result, Mr. Garza's family called 9-1-1.

14. After DOE Deputies and the paramedics arrived at Mr. Garza's home, Mr. Garza was transported to Pacifica Hospital of the Valley, located at 9449 San



Fernando Road in Sun Valley, California. Mr. Garza was involuntarily detained at the hospital on a psychiatric hold for 72 hours. After 72 hours, Mr. Garza was released from the hospital.

15. Upon Mr. Garza's release on January 31, 2020, DOE Deputies took Mr. Garza into custody and transported him to County Jail to complete his sentence. On information and belief, there was no reasonable basis for revoking Mr. Garza's participation in the Electronic Monitoring Program.

16. While serving the rest of his sentence at County Jail, Mr. Garza became extremely ill. Mr. Garza experienced fevers, extreme fatigue, nausea, body aches, breathing problems and chest pain.

17. Mr. Garza complained of his symptoms to DOE Deputies and requested immediate medical attention; however, his requests were ignored for three to four days.

18. After making several unanswered requests to see a doctor, DOE Deputies eventually took Mr. Garza to receive medical care on February 17, 2020.

19. Mr. Garza's medical examination revealed he had a fever of 103 degrees, so he was transferred to Urgent Care.

20. Mr. Garza was later released from Urgent Care and transported back to County Jail.

21. Over the next few days, Mr. Garza's symptoms worsened. As such, Mr. Garza repeatedly requested additional medical treatment. DOE Deputies, however, again ignored Mr. Garza's requests and delayed in providing him medical attention.

22. Eventually, Mr. Garza was medically examined on February 22, 2020. On said date, Mr. Garza was diagnosed with pneumonia.

23. The following day Mr. Garza was transported to a location where he was constantly monitored.

24. On February 24, 2020, Mr. Garza was released. Upon Mr. Garza's release, his family immediately took him to the emergency room at USC Verdugo Hills



**COMPLAINT FOR DAMAGES**

Hospital, located at 1812 Verdugo Blvd. in Glendale, California, where it was determined Mr. Garza was gravely ill. Mr. Garza's treating physician told Mr. Garza that given his condition, "[he] should have died". As a result of his physical condition, Mr. Garza was hospitalized for over a month and later received surgery.

## FIRST CAUSE OF ACTION

## Unreasonable Seizure (42 U.S.C. § 1983)

## (Plaintiff against DOES 1-10, inclusive)

1. Plaintiff incorporates by reference each and every allegation and fact contained in the preceding paragraphs of this complaint as though fully set forth herein.

2. This cause of action arises under Title 42 United States Code § 1983, wherein Plaintiff seeks to redress deprivation under color of law a privilege or immunity secured under the Fourth Amendment.

3. As a result of the above-described intentional acts and omissions of the DOE Deputies, collectively and individually, Plaintiff's Fourth Amendment constitutional right to be free from unreasonable seizures, as applied to state actors by the Fourteenth Amendment, was violated when:

    a. DOE Deputies revoked Mr. Garza's participation in the Electronic Monitoring Program and took Mr. Garza into custody on January 31, 2020, without any legal justification; and

    b. DOE Deputies forced Mr. Garza to serve his sentence at County Jail until February 24, 2020, without any legal justification.

4. DOE Deputies arrested Mr. Garza and booked Mr. Garza into the County Jail without a warrant, probable cause, or reasonable suspicion.

5. As a direct and proximate cause of the conduct of Defendants DOE Deputies, individually and as peace officers, Plaintiff suffered special damages,



**COMPLAINT FOR DAMAGES**

including medical bills, attorneys' fees and litigation costs, as well as severe physical injuries, extreme emotional distress and mental anguish.

6. The conduct of DOE Deputies was willful, wanton, malicious and done with reckless disregard for the rights and safety of Plaintiff, and therefore warrants the imposition of exemplary and punitive damages as to the individual DOE Deputies.

7. As a result of the conduct of DOE Deputies, they are liable for Plaintiff's injuries, either because they were integral participants in the unreasonable seizure, or because they failed to intervene to prevent said violation.

8. Accordingly, DOE Deputies are each liable to Plaintiff for compensatory and punitive damages, under 42 U.S.C. § 1983. Plaintiff also seeks litigation costs under 42 U.S.C. § 1988.

## SECOND CAUSE OF ACTION

## Cruel and Unusual Punishment (42 U.S.C. § 1983)

### (Plaintiff against DOES 1-10, inclusive)

25. Plaintiff incorporates by reference each and every allegation contained in the foregoing paragraphs, as well as any subsequent paragraphs contained in the Complaint, as if fully set forth herein.

26. This cause of action arises under Title 42 United States Code § 1983, wherein Plaintiff seeks to redress deprivation under color of law a privilege or immunity secured under the Eighth Amendment.

27. Defendants DOE Deputies, individually and as peace officers, violated Plaintiff's Eighth Amendment right to be free from cruel and unusual punishments, as applied to state actors by the Fourteenth Amendment, by their deliberate indifference to Plaintiff's serious medical need, as shown by the following:

    a. While falsely imprisoned at County Jail, Mr. Garza became extremely ill. Mr. Garza experienced fevers, extreme fatigue, nausea, body aches, breathing problems and chest pain. Mr. Garza complained of his



**COMPLAINT FOR DAMAGES**



symptoms to DOE Deputies and requested immediate medical attention; however, his requests were ignored for three to four days;

    b. After making several unanswered requests to see a doctor, DOE Deputies eventually took Mr. Garza to receive medical care on February 17, 2020. Mr. Garza's medical examination revealed he had a fever of 103 degrees, so he was transferred to Urgent Care. Mr. Garza was later released from Urgent Care and transported back to County Jail. Over the next few days, Mr. Garza's symptoms worsened. As such, Mr. Garza repeatedly requested additional medical treatment. DOE Deputies, however, again ignored Mr. Garza's requests and delayed in providing him medical attention. Eventually, Mr. Garza was medically examined on February 22, 2020. On said date, Mr. Garza was diagnosed with pneumonia; and

    c. On February 24, 2020, Mr. Garza was released from County Jail. Upon Mr. Garza's release, his family immediately took him to the emergency room at USC Verdugo Hills Hospital, located at 1812 Verdugo Blvd. in Glendale, California, where it was determined Mr. Garza was gravely ill. Mr. Garza's treating physician told Mr. Garza that given his condition, "[he] should have died". As a result of his physical condition, Mr. Garza was hospitalized for over a month and later received surgery.

28. As a direct and proximate result of Defendants DOE Deputies' deliberate indifference to Plaintiff's serious medical needs as alleged above, Plaintiff has suffered special damages, including medical bills, attorneys' fees and litigation costs, as well as severe physical injuries, extreme emotional distress and mental anguish.

29. The conduct of DOE Deputies was willful, wanton, malicious and done with reckless disregard for the rights and safety of Plaintiff, and therefore warrants the

**COMPLAINT FOR DAMAGES**

imposition of exemplary and punitive damages as to the individual DOE Deputies.

30. As a result of the conduct of DOE Deputies, they are liable for Plaintiff's injuries, either because they were integral participants in the deliberate indifference to Plaintiff's serious medical need described above, or because they failed to intervene to prevent said violation.

31. Accordingly, DOE Deputies are each liable to Plaintiff for compensatory and punitive damages, under 42 U.S.C. § 1983. Plaintiff also seeks litigation costs under 42 U.S.C. § 1988.

## THIRD CAUSE OF ACTION
## Custom, Practice or Policy Causing Violation of Civil Rights (42 U.S.C. § 1983)
## (Plaintiff against COLA)

32. Plaintiff incorporates by reference each and every allegation and fact contained in the preceding paragraphs of this complaint as though fully set forth herein.

33. Defendant COLA, is and at all times herein mentioned, has been a public entity and an incorporated municipality duly authorized and existing as such in and under the laws of the State of California and at all times herein mentioned, Defendant COLA possessed the power and authority to adopt and regulate policies/customs/practices of the LASD and the County Jail, and was responsible for hiring, retaining, training and supervising LASD deputies.

34. At all times herein mentioned, Defendant DOE Deputies and each of them, were employees acting under the direction and control of the COLA, who knowingly and intentionally promulgated, maintained, applied and enforced the continuation of policies, customs, practices and usages, which required and encouraged the employment, deployment and retention of persons as peace officers/jailers who have demonstrated deliberate indifference to the health and safety of inmates in violation of the Fourteenth Amendment to the United States Constitution.

35. Based upon the principles set forth in *Monell v. New York City Department of Social Services*, 436 U.S. 658 (1978), COLA is liable for all injuries sustained by Plaintiff set forth herein. COLA bears liability because its policies, practices and/or customs caused Plaintiff's injuries. The unconstitutional policies, practices or customs promulgated, sanctioned or tolerated by Defendant COLA include, but are not limited to:

   a. Refusal to adequately discipline deputies for their deliberate indifferent to inmates' serious medical needs;
   b. Failure to adequately train deputies to properly respond to inmates' serious medical needs;
   c. Acquiescence of deputies' deliberate indifference to inmates' serious medical needs;
   d. Refusal to adequately discipline deputies for unreasonably seizing civilians;
   e. Failure to adequately train deputies on how to properly conduct seizures;
   f. Acquiescence of deputies' unreasonable seizures of civilians;
   g. Refusal to competently and impartially investigate allegations of abuse and misconduct alleged to have been committed by deputies;
   h. Intimidation, demotion and termination of deputies who reported acts of abuse or misconduct by other COLA employees; and
   i. Failure to adequately supervise the actions of deputies under its control.

36. Defendant COLA and LASD covered up acts of misconduct and abuse by COLA and LASD employees and sanctioned a code of silence by and among LASD deputies.

37. Defendant COLA and LASD tacitly condones and encourages a conspiracy of silence among its employees for the purpose of concealing and furthering wrongful and illegal conduct.

38. Defendant COLA and LASD fostered and encouraged an atmosphere of



9

**COMPLAINT FOR DAMAGES**

lawlessness, abuse and misconduct, which by January 31, 2020, and thereafter, represented the unconstitutional policies, practices and customs of the COLA and LASD.

39. Defendant COLA and LASD had knowledge, prior to and since this incident, of similar allegations of unlawful seizure and denial of medical care by LASD employees, including the individual Defendants herein, and refused, with deliberate indifference, to enforce established administrative procedures to ensure protection of civilian's rights and liberty interests;

40. The following list of incidents exemplifies the aforementioned policies, customs, practices and usages of Defendant COLA:

a. In January 2010, a jury awarded Mr. Shoyoye $200,700 in his lawsuit against the COLA for false imprisonment due to a filing mistake.[1]

b. In January 2010, COLA agreed to pay a Plaintiff $900,000 to a prisoner who lost his foot due to LASD's inadequate medical care.[2]

c. In October 2019, COLA agreed to pay a Plaintiff $1,300,000 who alleged excessive force and inadequate medical care.[3]

d. According to 2017 media reports, LASD guards and medical personnel failed to acknowledge two mentally ill Los Angeles County jail inmates who refused to eat for several days, which lead to their deaths from starvation.[4]

e. In October 2017, COLA agreed to pay $1.7 million to the family of a schizophrenic who was not monitored with medication while imprisoned at County Jail and died from self-inflicted blunt head force trauma.[5]

---

[1] *Shoyoye v. County of Los Angeles*; 2010 Jury Verdicts LEXIS 32053
[2] *Silva v. County of Los Angeles*, 215 F. Supp. 2d 1079 (C.D. Cal. 2002).
[3] *Rogers v. County of Los Angeles*, 2017 WL 10574366.
[4] City News Service, *OIG report: Medical care a challenge in L.A. county jails*, THE ANTELOPE VALLEY TIMES, Aug. 22, 2017.
[5] *Maria Loberg and Erica Loberg, Individually and as Successors in Interest to the Estate of Eric*




**COMPLAINT FOR DAMAGES**

    f. In 2016, COLA paid $250,000 to settle a lawsuit alleging LASD deputies falsely arrested Latisha Clayton.[6]

    g. In June 2013, COLA agreed to pay $550,000 to a couple who alleged that LASD deputies falsely arrested and framed them.[7]

    h. In June 2002, COLA agreed to greed to pay $800,000 to settle medical negligence and consortium loss claims by a prisoner and his wife for the failure of the Los Angeles Sheriff's county jail and medical staff to properly treat the prisoner's serious medical needs while incarcerated.[8]

    i. The United States Department of Justice ("DOJ") has found that the LASD has a history and practice of misconduct that has led to grand deprivation of constitutional rights. The DOJ discovered the LASD violated the U.S. Constitution by conducting unconstitutional seizures in minority communities. On April 28, 2015, the LASD and the DOJ entered a settlement regarding allegations of long-standing civil rights abuses.[9]

    j. There is also a concern that LASD does not properly address the culture of deputy gangs that contribute to deputy misconduct. Los Angeles Times reported the LASD continues to fail in properly investigating their deputies for deputy gang groups. The LASD continues to face criticism over gang-like deputy groups and their failure to root out the agency's subculture of tattooed deputy gangs.[10]

---

*Loberg, v. County of Los Angeles, et al.*; 2017 Jury Verdicts LEXIS 14286
[6] *Los Angeles False Arrest Case Settles for $250,000*, PRISON LEGAL NEWS, (2016, January 11). Retrieved February 19
[7] Aviles, C., County agrees to Pay $550,000 to Settle false Arrest lawsuit in Downey, June 19, 2013.
[8] Dannenberg, J., *Los Angeles County Pays $800,000 To Settle County Jail Medical Suit for Untreated Lupus*, PRISON LEGAL NEWS, Feb. 15, 2005.
[9] Olivia Harris, *Los Angeles County Sheriff Department Makes Long-Standing Civil Rights Settlement*, STOCK WATCH, Apr. 29, 2015.
[10] Maya Lau, *L.A. County Sheriff's Department Pays Price as Clandestine Deputy Cliques Persist*, LOS ANGELES TIMES, Oct. 27, 2018.



11

**COMPLAINT FOR DAMAGES**

  k. Los Angeles Times discovered a secret LASD list that includes 300 deputies with a history of dishonesty and misconduct.[11]

  l. The LASD also has a practice of retaining and re-hiring deputies with a history of misconduct. In March 2019, the COLA filed a lawsuit against the LASD and LASD's Sheriff Alex Villanueva for the re-hiring of a deputy who has a history of misconduct allegations, is regarded as a member of a deputy gang called the Reapers and has admitted to having a tattoo that represents his membership in the deputy gang. In August 2019, a judge overturned Sheriff Villanueva's decision to reinstate said deputy.[12]

41. On information and belief, Defendant Deputies attended training programs related to conducting seizures prior to the incident with Plaintiff.

42. On information and belief, Defendant Deputies attended training programs related to responding to inmates' medical needs prior to the incident with Plaintiff.

43. On information and belief, Defendant Deputies attended training programs related to house arrests prior to the incident with Plaintiff.

44. Despite Defendant Deputies receiving training that was designed to prevent the conduct described in this Complaint, Defendant Deputies violated Plaintiff's constitutional rights as described in this Complaint.

45. Prior to the incident, COLA knew that its training program was insufficient to prevent the type of civil rights violations Plaintiff suffered but did nothing to prevent said misconduct.

46. By reason of the aforesaid policies, customs, practices and usages, Plaintiff's rights under the Fourth, Eighth and Fourteenth Amendments of the United States Constitution were violated.

---

[11] Maya Lau, Ben Poston, and Corina Knoll, *A Times Investigation; A Secret List of Deputy Misconduct*, LOS ANGELES TIMES, Dec. 10, 2017.

[12] Stoltze, F., *Judge orders Fired LA sheriff's deputy who was rehired by Villanueva to give up his badge and gun*, PRISON LEGAL NEWS, March 8, 2019.




**COMPLAINT FOR DAMAGES**

47. On information and belief, none of the Defendant DOE Deputies has been reprimanded or sanctioned by Defendant COLA or LASD for unlawfully seizing Plaintiff.

48. On information and belief, none of the Defendant DOE Deputies has been reprimanded or sanctioned by Defendant COLA or LASD for their deliberate indifference to Plaintiff's serious medical needs.

49. On information and belief, the Defendant DOE Deputies misconduct was ratified by Defendant COLA by failing to discipline any deputy involved or modify training to address this type of situation in the future.

50. Defendant COLA has acted with deliberate indifference to Plaintiff's constitutional rights. As a direct and proximate result of these acts, Plaintiff's constitutional rights have been violated, causing him to suffer special damages, including medical bills, attorneys' fees and litigation costs, as well as severe physical injuries, extreme emotional distress and mental anguish.

51. Plaintiff also seeks attorney fees under this claim pursuant to 42 U.S.C. § 1988.

## FOURTH CAUSE OF ACTION
### Negligence
### (Plaintiff Against All Defendants)

52. Plaintiff incorporates by reference each and every allegation contained in the foregoing paragraphs, as well as any subsequent paragraphs contained in the Complaint, as if fully set forth herein.

53. The actions and inactions of the Defendant DOE Deputies, individually and as peace officers, were negligent and reckless, including but not limited to:
   a. Revoking Mr. Garza's participation in the Electronic Monitoring Program;
   b. Booking Mr. Garza into custody at County Jail;
   c. Imprisoning Mr. Garza at County Jail;



    d. Failing to provide medical care to Plaintiff;

    e. Failing to properly train subordinates, including Defendants; and

    f. Failing to properly supervise subordinates, including Defendants.

54. As a direct and proximate result of Defendants DOE Deputies' conduct as alleged above, and other undiscovered negligent conduct, Plaintiff has suffered special damages, including medical bills, attorneys' fees and litigation costs, as well as severe physical injuries, extreme emotional distress and mental anguish.

55. The conduct of DOE Deputies was willful, wanton, malicious and done with reckless disregard for the rights and safety of Plaintiff, and therefore warrants the imposition of exemplary and punitive damages as to the individual DOE Deputies.

56. As a result of the conduct of DOE Deputies, they are liable for Plaintiff's injuries, either because they were integral participants in the negligent acts and inactions described above, or because they failed to intervene to prevent said conduct.

57. Defendant COLA is liable under Cal. Govt. Code §§ 815.2(a) and 820(a) for Plaintiff's injuries proximately caused by its employees' negligent acts and omissions, described above.

## FIFTH CAUSE OF ACTION
### False Arrest/Imprisonment
### (Plaintiff Against All Defendants)

58. Plaintiff incorporates by reference each and every allegation contained in the foregoing paragraphs, as well as any subsequent paragraphs contained in the Complaint, as if fully set forth herein.

59. On January 31, 2020, Defendants DOE Deputies revoked Mr. Garza's participation in the Electronic Monitoring Program without any legal justification and arrested Mr. Garza without a warrant, causing Mr. Garza to be falsely imprisoned at County Jail until February 24, 2020.

60. As a direct and proximate result of Defendants DOE Deputies' conduct as

alleged above, Plaintiff has suffered special damages, including medical bills, attorneys' fees and litigation costs, as well as severe physical injuries, extreme emotional distress and mental anguish.

61. The conduct of DOE Deputies was willful, wanton, malicious and done with reckless disregard for the rights and safety of Plaintiff, and therefore warrants the imposition of exemplary and punitive damages as to the individual DOE Deputies.

62. As a result of the conduct of DOE Deputies, they are liable for Plaintiff's injuries, either because they were integral participants in the conduct described above, or because they failed to intervene to prevent said conduct.

63. Defendant COLA is liable under Cal. Govt. Code §§ 815.2(a) and 820(a) for Plaintiff's injuries proximately caused by the false arrest/imprisonment committed by its employees, described above.

## SIXTH CAUSE OF ACTION

### Intentional Infliction of Emotional Distress

### (Plaintiff Against All Defendants)

9. Plaintiff incorporate by reference each and every allegation contained in the foregoing paragraphs, as well as any subsequent paragraphs contained in the Complaint, as if fully set forth herein. Defendants DOE Deputies, individually and in their official capacities as Sheriff deputies for COLA, caused Mr. Garza severe emotional distress on January 31, 2020 when DOE Deputies revoked Mr. Garza's participation in the Electronic Monitoring Program, took Mr. Garza into custody and forced Mr. Garza to serve his sentence at County Jail until February 24, 2020, without any legal justification.

10. As a direct and proximate result of Defendants DOE Deputies' conduct as alleged above, Plaintiff has suffered special damages, including medical bills, attorneys' fees and litigation costs, as well as severe physical injuries, extreme emotional distress and mental anguish.



**COMPLAINT FOR DAMAGES**

11. The conduct of DOE Deputies was willful, wanton, malicious and done with reckless disregard for the rights and safety of Plaintiff, and therefore warrants the imposition of exemplary and punitive damages as to the individual DOE Deputies.

12. As a result of the conduct of DOE Deputies, they are liable for Plaintiff's injuries, either because they were integral participants in the conduct described above, or because they failed to intervene to prevent said conduct.

13. Defendant COLA is liable under Cal. Govt. Code §§ 815.2(a) and 820(a) for Plaintiff's injuries proximately caused by the intentional infliction of emotional distress committed by its employees, described above.

///

///

///



**COMPLAINT FOR DAMAGES**

**WHEREFORE**, Plaintiff requests relief as hereinafter provided.

## PRAYER FOR RELIEF

1. For compensatory (or general) damages, under federal and state law, in an amount to be proven at trial;

2. For punitive damages against the individual defendants in an amount to be proven at trial;

3. For prejudgment interest;

4. For an award of general and special damages in the amount to be proven at trial;

5. For reasonable costs of this suit incurred herein;

6. For reasonable attorney's fees pursuant to 42 U.S.C. § 1983 and costs as provided by law;

7. For such further other relief as the Court may deem just, proper and appropriate.

Dated: February 19, 2021                    **PLC LAW GROUP, APC**

                                                                            */s/ Lauren K. McRae*
                                                           Peter L. Carr, IV
                                                           Na'Shaun L. Neal
                                                           Lauren K. McRae
                                                           Attorneys for Plaintiff Dominik Garza



## **DEMAND FOR JURY TRIAL**

Plaintiff hereby respectfully demands a trial by jury on all issues and claims.

Dated: February 19, 2021                    **PLC LAW GROUP, APC**

                                                           ___*/s/ Lauren K. McRae*_____
                                                           Peter L. Carr, IV
                                                           Na'Shaun L. Neal
                                                           Lauren K. McRae
                                                           Attorneys for Plaintiff Dominik Garza



**COMPLAINT FOR DAMAGES**